IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER FINDLEY, <br><br> Plaintiff <br><br> VS. <br><br> MR. GOODARD, *et al.*, <br><br> Defendants | NO. 5:04-CV-233 (CAR) <br><br> PROCEEDINGS UNDER 42 U.S.C. § 1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff ROGER FINDLEY is an inmate in the custody of the State of Georgia. He has sued defendants MR. GODDARD, MRS. KILGORE, DR. SRIPATHI, MR. WILLIAMSON, and MRS. NASWORTHY, alleging that the defendants violated his constitutional rights while he was incarcerated at Wilcox State Prison in Abbeville, Georgia. Plaintiff claims he was denied an operation for his reoccurring ear problems in 1999 or 2000. He also claims that he has been denied necessary medication for his ear infections.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #39. The motion is supported by a brief, medical records, and a deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #43. The plaintiff has filed a response to the defendants' motion.[1] Tab #45. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

---

[1] In his response to the defendants' motion, plaintiff stated that he was denied discovery requests. The court then ordered the defendants to address the plaintiff's allegations. Tab #48. The defendants complied with the court's order and the plaintiff filed a response to the defendants' response to the court's order. Tabs #49 and #50. After careful consideration, the court finds that the defendants have complied with plaintiff's discovery requests.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION
### 1. Respondeat Superior

It is readily apparent to the undersigned that plaintiff FINDLEY is attempting to invoke liability against defendant GOODARD based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff FINDLEY fails to allege any causative link between defendant Goodard and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendant Goodard because of his position as Medical Administrator at Wilcox State Prison. Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against defendant Goodard solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant Goodard is entitled to summary judgment.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## 2. Statute Of Limitations

Plaintiff claims that the defendants denied him necessary ear surgery in 1999 or 2000. §1983 does not contain a limitations period. Therefore, the courts have to look to the most analogous state limitations period in order to establish a time limitation for federal causes of action under §1983. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Under Georgia law, claims under §1983 are governed by O.C.G.A. §9-3-33 which imposes a **two-year** limitations period. *Leal v. Georgia Department of Corrections*, 254 F.3d 1276, 1279 (2001).

Plaintiff alleges that he was unnecessarily denied ear surgery in 1999 or 2000. However, plaintiff did not file the current complaint until July 14, 2004, well after the period of limitations had run. Therefore, because plaintiff's alleges injuries occurred more than two years before he bought suit, his claims concerning his ear surgery are barred from consideration under §1983. .

## 3. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[3] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

---

[3] At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

4

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In support of their motion for summary judgment, the defendants have submitted portions of the plaintiff's deposition and portions of his medical records. This evidence indicates that the defendants were not deliberately indifferent by failing to provide plaintiff with medication for his ear infections. A review of plaintiff's medical records shows that he was prescribed Cipro, Auralgan drops. Cortisporin drops, Amoxicillin, Percogesic, and Naprosyn between August 2002 and January 2005 in order to help him with his ear infections and pain. Additionally, plaintiff was seen in medical **at least 44 times** between August 2003 and March 2005.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care. Significantly, plaintiff has failed to submit any medical evidence to supports his contention that his treatment for his ear infections fell below applicable medical standards and constitutionally adequate standards of care. He simply disagrees with the defendants' medical treatment of his ear problems.

In the court's view, plaintiff FINDLEY has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his medical complaints. The record is replete with indications that treatment has been afforded plaintiff. Therefore, the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS RECOMMENDED that the defendants' **MOTION FOR SUMMARY JUDGMENT** (Tab #39) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of AUGUST, 2005.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE