IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROGER FINDLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:04-CV-233(CAR) |
| | : | |
| MR. GOODARD et al., | : | |
| | : | |
| Defendants. | : | |

## *ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc 51] that Defendants' Motion for Summary Judgment [Doc 39] be granted. Plaintiff filed a timely Objection to the Recommendation [Doc. 53]. The Court, after carefully considering the entire record in this case, agrees with the Recommendation that Plaintiff has no Eighth Amendment claim for deliberate indifference to his serious medical needs, and Defendants are entitled to summary judgment. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Objection to the Recommendation, Plaintiff states that Defendants did not respond to his discovery, that he was repeatedly denied access to his medical records, and that the Court has failed to respond to three of his motions; specifically, his motion to appoint counsel, his motion to amend the complaint, and his Rule 56(f) motion. For the following reasons, the Court finds Plaintiff's contentions do not change its finding

that summary judgment for Defendants is appropriate.

Plaintiff appears to be correct in his assertion that Defendants did not properly respond to his discovery;[1] however, even if Defendants had properly responded, the information such responses could have provided to Plaintiff would not change the outcome of this case, and summary judgment would still be appropriate for Defendants. For the reasons discussed in the Recommendation, and after this Court's *de novo* review of the record, it is clear that taking the facts in the light most favorable to Plaintiff, his claims do not rise to an Eighth Amendment violation for deliberate indifference to his serious medical needs. At most, Plaintiff's claims show that his medical treatment amounted to negligence.

Likewise, Plaintiff's contention that he was repeatedly denied the ability to review his medical records, if true, while troublesome, does not change the outcome of this case. The record reflects that Plaintiff was allowed limited opportunities to review his medical records, and the Court had the benefit of reviewing the medical records that Defendant submitted with Plaintiff's deposition [Doc 44]. The medical records submitted further support the Court's finding in this case. Even if Plaintiff had more time to review his medical records, it would not change the fact that Defendants are entitled to summary judgment.

Plaintiff's final contention that the Court has not responded to his motion to amend the complaint, his Rule 56(f) motion, and his motion to appoint counsel, also

---

[1] According to the Court's record, Defendants responded to only two of the five interrogatories Plaintiff sent to them.

lacks merit.  The Court has properly responded to all of Plaintiff's motions. See [Doc 52] (order denying Plaintiff's Motion to Amend/Correct); [Doc 48] (order directing Defendants to respond to Plaintiff's contentions regarding discovery); and [Doc 55] (order denying Plaintiff's Motion to Appoint Counsel).

Accordingly, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 21st day of February, 2006.

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, JUDGE
                                        UNITED STATES DISTRICT COURT
                                        MIDDLE DISTRICT OF GEORGIA

SSH/aeg